**Samuel MOLINA, Appellant**

v.

**OCWEN LOAN SERVICING,
et al., Appellee.**

**No. 12–5229.**

United States Court of Appeals,
District of Columbia Circuit.

Nov. 26, 2013.

Ian Paul Stumpf, Esquire, Jr. Howell &
Associates, Washington, DC, for Appellant.

Kenneth Pfaehler, Dentons U.S. LLP,
Washington, DC, for Appellee.

Before: GARLAND, Chief Judge, and
HENDERSON and KAVANAUGH,
Circuit Judges.

***JUDGMENT***

PER CURIAM.

This case was considered on the record
from the United States District Court for
the District of Columbia and on the briefs
filed by the parties. *See* Fed. R.App. P.
34(a)(2); D.C.Cir. R. 34(j). The Court has
accorded the issues full consideration and
determined that they do not warrant a
published opinion. *See* D.C.Cir. R. 36(d).
For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the
judgment of the district court be affirmed.

On October 3, 2011, Samuel Molina filed
a complaint in district court on behalf of
himself and a putative class of Latino sub-
prime mortgagors, alleging that Taylor,
Bean & Whitaker Mortgage Corporation
(TBW),* Ocwen Loan Servicing, LLC
(Ocwen) and Shapiro & Burson, LLP, en-
gaged in discriminatory lending, loan ser-
vicing and foreclosure practices that dis-
parately affected minority borrowers in
violation of the Fair Housing Act, 42
U.S.C. §§ 3601–3619, the Equal Credit
Opportunity Act, 15 U.S.C. §§ 1691–1691f,
the Fair Debt Collection Practices Act, 15
U.S.C. §§ 1692–1692p, and the Civil
Rights Act of 1866, 42 U.S.C. § 1982.
The thrust of Molina's complaint was that
minority borrowers were being fast-
tracked into foreclosure and denied fore-
closure alternatives in contrast to their
white counterparts. The defendants
moved to dismiss the complaint under
Federal Rule of Civil Procedure 12(b)(1)
for lack of standing and Federal Rule of
Civil Procedure 12(b)(6) for failure to
state a claim. The district court granted
the defendants' motions to dismiss for
lack of standing, concluding that Molina
had failed to allege any facts showing that
he suffered an injury in fact fairly tracea-
ble to the defendants. Molina appeals the
dismissal of his claims against Ocwen
only.

To establish an Article III injury in fact,
a plaintiff must demonstrate that he has
suffered "an invasion of a judicially cogni-
zable interest which is (a) concrete and
particularized and (b) actual or imminent,
not conjectural or hypothetical." *Lujan v.
Defenders of Wildlife*, 504 U.S. 555, 560–
61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).
At the pleading stage, "the burden im-
posed on plaintiffs to establish standing is
not onerous, and general factual allega-
tions of injury resulting from the defen-
dant's conduct may suffice." *NB ex rel.*

---

* The Federal Deposit Insurance Corporation
(FDIC) stood in for TBW as its court-appoint-
ed receiver.

2

Peacock v. District of Columbia, 682 F.3d 77, 82 (D.C.Cir.2012) (internal quotation marks and citation omitted). A plaintiff cannot establish an injury in fact, however, by simply pleading membership in an affected group. *See Warth v. Seldin,* 422 U.S. 490, 502, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

It is plain that Molina failed to demonstrate standing because he did not allege, in either his complaint or his opposition to the defendants' motions to dismiss, that he himself had been subjected to any of the discriminatory practices identified in the complaint. In other words, Molina did not set forth *any* factual allegations that he personally suffered a "concrete and particularized" injury. *Lujan,* 504 U.S. at 560, 112 S.Ct. 2130. Molina's membership in a group of individuals as to whom injury in fact was properly alleged—Latino subprime mortgagors—does not cure the deficiency in his complaint. *See Warth v. Seldin,* 422 U.S. at 502, 95 S.Ct. 2197. As the Supreme Court noted in *Warth v. Seldin,* plaintiffs "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Id.* Nor can Molina base injury in fact on Ocwen's failure to affirmatively offer him foreclosure alternatives when this injury was not mentioned in his complaint, *see Browning v. Clinton,* 292 F.3d 235, 242 (D.C.Cir.2002) (noting that this Court does not accept "inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint" (internal quotation marks omitted)), and Molina advised the district court that "[t]he relief [he] requested ... ha[d] been obtained," *Molina v. FDIC,* 870 F.Supp.2d 123, 127 (D.D.C.2012) (internal quotation marks omitted).

A remand to allow Molina to amend his complaint is unwarranted. This Court stated in *City of Harper Woods Employees' Retirement System v. Olver,* 589 F.3d 1292, 1304 (D.C.Cir.2009), that "[w]hen a plaintiff fails to seek leave from the District Court to amend its complaint, either before or after its complaint is dismissed, it forfeits the right to seek leave to amend on appeal." Because Molina never sought leave to amend his complaint in district court, before or after the court dismissed his case, he is foreclosed from doing so now. *Id.*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.